**In re Galen D. KNIGHT, Petitioner.**

**Misc. No. 745.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 21, 2003.

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

CLEVENGER, Circuit Judge.

*ORDER*

Galen D. Knight petitions for a writ of mandamus to direct the judge presiding over his case in the United States District Court for the District of New Mexico to recuse himself and, generally, to issue rulings in favor of Knight.

In *Regents of Univ. of New Mexico v. Knight,* 321 F.3d 1111 (Fed.Cir.2003), we affirmed the district court's ruling (1) that Knight and Terence J. Scallen breached their contractual obligations to assign their patents and applications to the University of New Mexico and (2) declaring the University to be the owner of the disputed patents and applications. We reversed the dismissal of Knight's counterclaim for royalties and directed the district court on remand to determine whether any other counterclaims were compulsory and should be litigated. On remand, the district court dismissed the remaining counterclaims, refused to allow Knight to amend his counterclaim, and denied Knight's motion for recusal. Knight now petitions for a writ of mandamus seeking review of the recusal order and the other adverse rulings.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to

do so." *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36.

 Knight has completely failed to show that a writ should issue. With respect to the district court's discretionary ruling denying Knight's motion to amend his counterclaim, such discretionary rulings are rarely appropriate for consideration in a mandamus petition. *Allied,* 449 U.S. at 36 (allowing a litigant to seek immediate judicial review of a discretionary ruling encroaches on the policy against piecemeal review). As stated by the district court with respect to the recusal motion, "Knight's deleterious obfuscation of the law and the facts solely indicates his unwillingness to accept the Court's rulings against him." Knight may, of course, seek review of these and other adverse rulings on appeal after final judgment. In sum, Knight has shown neither that he lacks other means of attaining the relief desired nor that his right to a writ is clear and indisputable. *Allied,* 449 U.S. at 35.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.